[No. 7,471.—Department-One.]
November 21, 1882.

## JOHN F. LANG v. MARGARETTE-SPECHT ET AL.

SERVICE OF TRANSCRIPT PRINTED UNDER DIRECTION OF CLERK—RULES OF SUPREME COURT.—Under Rule 10 of this Court it has been the uniform practice, where the written transcript has been transmitted to the Clerk within the forty days fixed by Rule 2, or any extension of such period, to require only the service upon respondent mentioned in Rule 10; that is, service of copy of the transcript after the same has been printed under the direction of the Clerk. The rules do not require, in such case, service of the transcript before it is printed.

STATUTE OF LIMITATIONS WHEN DEFENDANT ABSENT FROM STATE, ON NOTE EXECUTED OUT OF THIS STATE.—The defendant S. pleaded the Statute of Limitations.

*Held:* As the note was executed in the State of Nevada, and there is no pretense that the defendant openly visited California more than two years before the commencement of the action, the Court below properly found against the defendant as to the bar of the statute.

FINDING—PLEADING—FINDINGS MUST COVER THE ISSUES.—The action is on a promissory note against the defendant S., who alone was served, as joint maker with one K., brought by the plaintiff as indorsee of the indorsees of the payees in the note. The complaint contains no statement of facts which would suggest that, as between themselves, K. was only surety for S., and that as such surety he had taken up the note, and assigned his right of action against S. The answer of S. avers *payment* of the note by K. The Court below found "that the *payment* made by K. & Co., was for the benefit of the defendant," "and that the payment was made by the firm of K. & Co., *in liquidation of the debt,* and that having paid the same as surety, *his* assignee is entitled to recover against his co-obligor, S., and that the assignment to the plaintiff was made in good faith, and for a valuable consideration, and that he is entitled to judgment for one thousand two hundred and fifty-three dollars."

*Held:* 1. If these findings could be read in connection with the evidence in the case, they would be strongly suggestive of payment.

2. But since they can not be so read, and they can not possibly be construed as determining that K. did not pay the note, the Court, therefore, failed to find on the issue of payment.

3. But if they could be construed as finding that K., as surety, paid the note for the benefit of S., and that he transferred to the plaintiff his *right to recover of S.,* the findings would be entirely unsupported by, and outside of, the pleadings in the case.

APPEAL by defendant Specht from the judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion for a new trial. HUNT, J.

Action on promissory note. The action was commenced August 5, 1879, by the plaintiff, as indorsee of one John L. Koster, who was the indorsee of Lonkey & Smith, the payees of the note, against the defendant, Margarette Specht, upon a note executed by her and one A. M. Kruttschnitt, jointly, November 26, 1875, payable ninety days after date, for six hundred and ten dollars and forty-seven cents, with interest at the rate of two per cent. per month from date until paid. Although named in the complaint as one of the defendants, no judgment was asked in the prayer of the complaint against the defendant Kruttschnitt. Judgment was given April 21, 1880, by the Court against the defendants, after trial, as to defendant S., for the sum of one thousand two hundred and fifty-three dollars, and costs. The defendant S., after moving for a new trial, took this appeal on the thirteenth day of September, 1880. On the last day for filing the transcript on appeal with the Clerk of the Supreme Court, the appellant

filed a written transcript, as provided in Rule 10 of this Court, with the Clerk, to have the same printed, served, and filed as therein required. The service of the transcript as printed, was made upon the attorney for the respondent on the twenty-third day of December following. The respondent moved in this Court, upon affidavits and notice, to dismiss the appeal for failure to serve, and file the transcript in time. The other facts are stated in the opinion of the Court. After the decision in department, a petition for rehearing in bank was presented and denied.

*F. J. Castlehun* and *T. C. Van Ness,* for Appellant.

As to the first defense, the evidence shows that the note was made in the State of Nevada, on the twenty-sixth day of November, 1875, and that it became due on February 24, 1876. The action was brought August 5, 1879, more than two years after the making of the note. The Civil Code (§ 339, subd. 1) provides that an action upon an instrument in writing executed out of this State is barred in two years. Respondent claims that Mrs. Specht was absent from the State for at least two years (a fact not denied), and that therefore Section 351 of the Civil Code applies.

Appellant, however, contends that the last-named section does not apply, because the note in suit was made out of this State, between non-residents thereof. If it be held as applying to non-residents, the result will be that they will enjoy greater privileges than residents themselves enjoy. To illustrate: The payee of a note made in Nevada (supposing Nevada's law of limitations to be identical with our own) can hold a note made in Nevada for three years, eleven months, and twenty-five days, and can then bring the note to California, where, according to respondent's theory, the note will not be barred until the maker has been in California for two years. The presumption is that the Legislature never contemplated conferring greater privileges on non-residents than on residents. In support of this proposition we refer to the following decisions: *Beardsley* v. *Southmayd,* 3 Green (N. J.) Law, 171; *Taberrer* v. *Brentnall,* 3 Harr. (N. J.) 262; *Wood* v. *Leslie,* 6 Vroom (N. J.), 472; *Hyman* v. *Bayne,* 83 Ill. 256; *Hale* v. *Lawrence,* 1 Zab. (N. J.) 714.

The Court found that Kruttschnitt signed the note as indorser or surety for appellant. This finding is outside of the issues, as the pleadings show. It has been repeatedly held that a finding outside of the issues does not warrant a judgment. (*Devoe* v. *Devoe*, 51 Cal. 543; *Morenhout* v. *Barron*, 42 id. 603; *Green* v. *Chandler*, 54 id. 626.) The pleadings admit that Kruttschnitt and Mrs. Specht signed and were makers of the note. A finding which negatives the existence of a fact admitted by the pleadings is a finding against the evidence, and the judgment rendered thereon is erroneous. (*Burnett* v. *Stearns*, 33 Cal. 468; *Hill* v. *Den*, 54 id. 20; *Tracy* v. *Craig*, 55 id. 91; *Silvey* v. *Neary*, reported in vol. 8, p. 677, P. C. L. J.)

In *Murdock et al.* v. *Clarke*, 59 Cal. 683, this Court used the following language: " It was said in the case of *Green* v. *Covillaud*, 10 Cal. 332, that a plaintiff's case can not be better as proved, than it is as stated. It is a cardinal rule in equity, as in all pleading, that the *allegata* and *probata* must agree, and that averments material to the case, omitted from the pleading, can not be supplied by the evidence, or, as said in *Woodcock* v. *Bennett*, 1 Cowen, 711; S. C., 13 Am. Dec. 568, ' in a Court of Chancery, every material allegation should be put in issue by the pleadings.' Thus in *Bank of U. S.* v. *Schultz*, 3 Ohio, 62, it was held that 'a party can not travel out of the matter alleged in his bill to make a ground of relief; and accordingly the court, even upon an agreed state of facts, refused to find upon facts not put in issue by the bill.' And in a more recent case *Morenhout* v. *Barron*, 42 Cal. 605, the Court says: ' The complaint does not aver the agreement reserving the right to rescind, which is found by the Court. A finding is useless and idle, unless the facts found are within the issues; and a judgment based upon such facts can not be sustained.' "

If the Court finds contrary to the facts admitted by the answer, the findings must be disregarded. (*McDonald* v. *M. V. Homestead Association*, 51 Cal. 210; *Gregory* v. *Nelson*, 41 id. 278; *Bradbury* v. *Cronise*, 46 id. 287; *Marks* v. *Sayward*, 50 id. 57; *Devoe* v. *Devoe*, 51 id. 543.) If a finding is inconsistent with the judgment, it is fatal, without an exception.

(*Lucas* v. *San Francisco*, 28 Cal. 591; *Burnett* v. *Stearns*, 33 id. 468; *Solomon* v. *Reese*, 34 id. 28.)

In the case at bar, there is a finding that Kruttschnitt signed as surety, and yet the judgment is against both the obligors. A finding "that all the material facts set forth in this complaint are true," will not support a judgment. (*Ladd* v. *Tully*, 51 Cal. 277.) If findings do not respond to the issues, the judgment will be reversed. (*Roeding* v. *Perasso*, 7 P. C. L. J., 153.) Where findings are contradictory upon a material point the judgment can not be sustained. (*Manly* v. *Howlett*, 55 Cal. 94.)

*John C. Burch*, for Respondent.

1. It is admitted that appellant made said note, so that the burden of proof of all matters of defense devolves upon the defendant. (*Lindsley* v. *Europ. Pet. Co.*, 3 Lans. N. Y. 176.) 10 Abb. Pr., N. S., 107; 41 How. Pr. 56; *Hereth* v. *Smith*, 33 Ind. 514.) Appellant, being on her way to Europe, made the note at Virginia City, Nevada, and left for Germany the next day, and remained away until just before suit was brought, August, 1879. It also appears that her place of residence is and was San Francisco. There is nothing in the first point.

2. In *Bosquett* v. *Crane*, 51 Cal. 505, this Court held that the findings may be amended on remittitur. In *Le Clert* v. *Oullahan et al.*, 52 id. 253, where the findings were silent on a material issue, the case was remanded for further findings. But here the new matter set out in the answer is wholly immaterial and constitutes no defense. In *McCourtney* v. *Fortune*, 57 id. 616, Justice McKee, speaking for the Court, held, * * * "If there be no finding on a material issue, the judgment can not be sustained." (*Phipps* v. *Harlan*, 53 id. 87.) "But a judgment will not be reversed on that ground, where the want of a finding on a particular issue is not prejudicial to the appellant." (C. C. P., § 475) No substantial right being affected (*Johnson* v. *Perry*, 53 Cal. 354), the judgment should be affirmed.

We submit that the appeal in this case appears to have been taken for delay. It is without merit, and damage should be imposed. (C. C. P., § 957)

The COURT:

Under rule ten of this Court it has been the uniform practice, where the written transcript has been transmitted to the Clerk within the forty days fixed by rule two, or any extension of such period, to require only the service upon respondent mentioned in rule ten, that is, service of copy of the transcript after the same has been printed under the direction of the clerk. The rules do not require, in such case, service of the transcript before it is printed.

The note sued on was executed in the State of Nevada, and there is no pretense that defendant Specht openly visited California more than two years before the commencement of the action. The Court below properly found against defendant upon the plea of the Statute of Limitations.

The complaint alleges the execution of the promissory note by defendants Specht and *Kruttschnitt* as joint makers. It contains no statement of facts which would suggest that, as between themselves, Kruttschnitt was surety only for Specht, and that as such surety had taken up the note and assigned his right of action against his principal. The complaint alleges that the *payees* indorsed to plaintiff's indorsers. The answer of Specht avers *payment* of the note by Kruttschnitt. The Court found that Kruttschnitt signed the note as surety for Specht.

There is no finding upon the issue of payment, nor any finding relating to the matter of payment, except the following: " I further find *that the payment* made by Kruttschnitt & Co., was for the benefit of the defendant " (the only defendant served was Specht); " and that the payment was made by the firm of Kruttschnitt & Co., *in liquidation of the debt,* and that having paid the same as surety, *his* assignee is entitled to recover against his co-obligor, Margarette Specht, and that the assignment to John F. Lang, the plaintiff, was made in good faith and for a valuable consideration, and that he is entitled to judgment for one thousand two hundred and fifty-three dollars."

From the amount of the judgment it would appear that it was intended to allow for the amount paid to the payees or holders of the note by some party or parties with legal inter-

est thereon. But, as we have seen, the action is brought on the note. If we read the finding in connection with the evidence to which it seems to refer, payment is found. But this can not properly be done. Separated from the reference to "the payment made by Kruttschnitt & Co."—a payment not previously mentioned in the findings—and the proposition of law inserted into the finding, that Kruttschnitt & Co., "having paid the same *in liquidation of the debt, his* assignee is entitled to recover," there is certainly no direct finding that the note was not paid by Kruttschnitt, who was joint maker as to the payees. In brief, the findings, so far as they go, are strongly suggestive of a payment of the note by Kruttschnitt; they can not possibly be construed as determining that Kruttschnitt did not pay the note. The Court, therefore, failed to find upon the issue of payment.

The findings—if they could be construed to be that Kruttschnitt, as surety, paid the note for the benefit of defendant Specht, and that he thereupon transferred his right to recover of defendant Specht to plaintiff—would be utterly unsupported by the averments of the complaint and entirely outside of the pleadings.

Judgment and order reversed and cause remanded for a new trial.